UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUIS MUNOZ FLORES,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.

/

Case No. 1:26-cv-2270

Honorable Robert J. Jonker

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Discussion

### I. Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, assume jurisdiction over this matter and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on August 10, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on August 13, 2026, (ECF No. 5.) Petitioner filed a reply brief on August 19, 2026 (Reply, ECF No. 6.)

## II. Factual Background

Petitioner is a native and citizen of Venezuela (Notice to Appear (NTA), ECF No. 1-1, PageID.9.). On December 20, 2024, Petitioner applied for admission into the United States at the Brownsville, Texas Port of Entry. (*Id.*) At that time, the Department of Homeland Security (DHS) issued Petitioner a Form I-862, NTA, charging him with inadmissibility pursuant to § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (INA) for being "an immigrant who, at the time of application for admission, is not in possession of [valid immigration and travel documents]." (*Id.*, PageID.9–11.) DHS then paroled Petitioner into the United States pursuant to 8 U.S.C. § 1182(d)(5). (I-94, ECF No. 1-1, PageID.14.) According to Respondents, Petitioner's parole terminated automatically on or about April 18, 2025. (I-94, ECF No. 5-3 at PageID.66.) Petitioner, on the other hand, has submitted an I-94 form indicating that his parole was set to expire on April 24, 2026. (I-94, ECF No. 1-1 at PageID.14.) Neither side has submitted evidence establishing that Petitioner's parole would have extended past April 24, 2026. (*id.*) On February 23, 2026, Petitioner was granted Employment Authorization until October 22, 2027. (Form I-797 Notice of Action, ECF No. 1-1, PageID.18.)

On July 18, 2026, ICE agents encountered and arrested Petitioner. (Pet., ECF No. 1, PageID.3.) The 2026 Form I-213 indicates that DHS served Petitioner with a "Parole Termination Letter" that same day. (2026 Form I-213, ECF No. 5-5, PageID.73.) Petitioner's arrest took place after the latest date on which the evidence submitted by both parties indicates that Petitioner's parole expired on its own terms (*see* I-94, ECF No. 1-1 at PageID.14.)[1]

---

[1] This Court has previously concluded that if a petitioner's parole has expired by its own terms prior to or during a petitioner's detention, the petitioner may request a bond hearing if appropriate under *Lopez-Campos v. Raycraft* and its analysis of 8 U.S.C. §§ 1225 & 1226. *See* Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026). But such a petitioner is not entitled to immediate release on facts like those presently before the Court. *See, e.g., Aray Lattinez v. Mullin,* No. 1:26-cv-1072, ECF No. 6, PageID.97 (W.D. Mich. April 20, 2026) (applying §§ 1225

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

### A. Statutory Basis for Petitioner's Detention

Based on the facts presented by the parties, and the reasoning of the Sixth Circuit in *Lopez-Campos v. Raycraft*, Nos. 25-1965, 1969, 1978, 1982, 2026 WL 1283891 (6th Cir. May 11, 2026), the Court concludes that § 1226(a), not § 1225(b)(2)(A), governs Petitioner's detention.[2]

### B. Fifth Amendment Due Process Considerations

The Fifth Amendment guarantees that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Lopez-Campos*, the Sixth Circuit Court of Appeals explained:

> Noncitizens who have "passed through our gates, even illegally, may be expelled only after proceedings conforming to traditional standards of fairness encompassed in due process of law." *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 212 (1953); *see also Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903). Thus, noncitizens within the interior of the United States are entitled to the protections of the Due Process Clause, "whether their presence here is lawful, unlawful,

---

and 1226 analysis where Petitioner's parole expired while the petitioner was detained); *Mujica-Pena v. Raycraft,* No. 1:26-cv-684, ECF No. 10, PageID.149 (W.D. Mich. April 6, 2026) (same).

[2] Additionally, for the same reasons set forth in *Hernandez Montiel v. Raycraft*, No. 1:25-cv-1610, 2026 WL 32076 (W.D. Mich. Jan. 6, 2026), the Court disagrees with Respondents' argument that Petitioner's detention is governed by § 1225 due to his manner of entry into the United States.

> temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in [removal] proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993*); see also Demore v. Kim*, 538 U.S. 510, 523 (2003). Consequently, the government may not deny "notice" or "an opportunity to be heard" to a noncitizen "who has entered the country, and has become subject in all respects to its jurisdiction, and a part of its population, although alleged to be illegally here." *Yamataya*, 189 U.S. at 100–01.

*Lopez-Campos*, 2026 WL 1283891, at *11. The Sixth Circuit therefore upheld the lower courts' determination that the government's detention of the *Lopez-Campos* petitioners "without bond under § 1226(a) was a deprivation of liberty that violated [their] due process rights." *Id*. at *13.

Petitioner is likewise detained under § 1226(a) and has been denied an individualized bond hearing. Therefore, the Court concludes that Petitioner's current detention under the mandatory detention framework set forth in § 1225(b)(2)(A) violates Petitioner's Fifth Amendment due process rights. *See id.*; *see also Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *6–8 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *7–8 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *7–9 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *6–8 (W.D. Mich. Dec. 12, 2025).

## V. Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## VI. Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025);

*Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

For the reasons discussed above, the Court will enter a judgment conditionally granting Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] The Court will order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of this Court's opinion and judgment with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative,

[3] Respondents have acknowledged and applied *Lopez-Campos*'s holding in some cases since May 11, 2026. *See, e.g.*, Resp., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, ECF No. 3, PageID.12 (W.D. Mich. May 29, 2026) (acknowledging that a petitioner "is entitled to a custody redetermination hearing in immigration court" under *Lopez-Campos* when the petitioner had not presented himself at the border). When Respondents have committed to applying the holding from *Lopez-Campos*, the Court has generally ruled that the petitioner must give the government the opportunity to make good on its commitment, resulting in dismissal without prejudice for failure to exhaust administrative remedies. *See* Op., *Paredes Colinas v. Unknown Party*, No. 1:26-cv-01686, ECF No. 5, PageID.19 (W.D. Mich. June 2, 2026). Respondents, however, have taken the position that *Lopez-Campos*'s holding does not apply when a petitioner originally presented himself or herself at the border and was subsequently allowed to enter the country. *See, e.g.,* Resp., *Chehaydi v. Raycraft*, No. 1:26-cv-1519, ECF No. 6, PageID.187 (W.D. Mich. May 14, 2026) (stating that petitioner was not entitled to a custody redetermination hearing when he had presented himself at the border). Because Respondents have not committed to applying *Lopez-Campos*'s holding to this case—and because they do not seem likely to do so—the Court will not require Petitioner to seek a bond hearing and will instead order Respondents to provide him with one.

immediately release Petitioner from custody.[4] The Court will also order Respondents to file a status report within six business days of the date of this Court's opinion and judgment to certify compliance with this opinion and the corresponding judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated: August 20, 2026

/s/ Robert J. Jonker
Robert J. Jonker
United States District Judge

[4] This Court has adopted a standard practice of requiring such a hearing within five business days, even if the Petitioner requests a deadline that is shorter or longer or only release.